## FLEISCHAUER v DAIRY PRODUCTS CORPORATION

Ohio Appeals, 2nd Dist, Montgomery Co

No 1272. Decided May 7, 1934

504

Barger & Orendorf, for plaintiff in error.
J. D. Chamberlain, Dayton, and Arthur Eaton, Dayton, for defendant in error.

SHERICK, J, (5th Dist) sitting by designation.

## OPINION

By BARNES, J.

On proceedings in error to the Common Pleas Court judgment was reversed and held for naught.

The journal entry further ordered the cause remanded for judgment in accordance with finding. As we construe this entry, it is a final judgment and not an order to remand for new trial. We have before us the written opinion of the Common Pleas Court. It appears therefrom that the order of reversal was entirely upon the weight of the evidence. It was the judgment of the reviewing court that the physical facts denied the contentions of Fleischauer and sustained the claims of the Dairy Products Corporation. Attention was also called to claimed conflicting statements made by Fleischauer to two police officers shortly after the collision. Reference was also made to the testimony of the driver of the milk wagon relative to hearing the crash and then seeing the horse running down the street.

It was the claim and contention of the plaintiff, The Dairy Products Corporation that the driver of the milk wagon had stopped at the curb on the right hand or south side of the street with the horse headed in an easterly direction; that the brakes were set; that the collision happened while the driver was carrying milk to the rear of the residence in front of which he had stopped; that during this time Fleischauer drove into the wagon breaking the shafts so that the horse was released; turning the milk wagon completely around and overturning it onto the tree, lawn and side walk.

It was the contention of Fleischauer that this horse while unattended walked across the street to the north side and into the path of his car. Fleischauer, according to his testimony, had just made a turn by reason of jog in street and did not see the horse and wagon until within 12 feet of it; that the front wheels of the milk wagon were within 2 or 3 feet of the curb; that the horse then circled so that the left wheels of the wagon came in contact with the left wheels and fenders of the automobile.

Fleischauer was the only eye witness to the accident.

After a careful reading and analysis of the evidence as contained in the record, we are unable to say that the lower court was in error in determining that the findings and judgment of the Municipal Court

were contrary to the manifest weight of the evidence.

However, we think that the case should have been remanded for retrial, rather than the order for final judgment. Final judgment could only be entered if the assured clear distance ahead provision of §12603 GC as amended July 21, 1929 is applicable. The Common Pleas Court in his opinion makes no reference to this section nor do we think it can be given application due to the fact that there is testimony that the horse and milk wagon were moving and ran into the automobile.

In order to enter final judgment, it is necessary to determine under the evidence, giving its most favorable interpretation to Fleischauer that as a matter of law he could not recover. Furthermore, the finding of the Common Pleas Court was not complete, in that no action was taken by which the Dairy Products Corporation would be given a new trial in Municipal Court on their claim for damages. We hardly have a situation here where neither party should recover. Either one or the other is entitled to a judgment in accordance with the finding of negligence. If finding and judgment of the Municipal Court in favor of Fleischauer is reversed as against the manifest weight of the evidence, then there should be a retrial to determine whether or not the Dairy Products Corporation is entitled to recover, or finding may again be returned for Fleischauer.

Coming now to enter the order that the Common Pleas Court should have entered, the cause will be remanded to the Municipal Court with instructions to retry. Exceptions will be allowed to the plaintiff in error.

HORNBECK, PJ, and SHERICK, J, concur.